UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────────X

XIAOLING REN
Individually and on Behalf of All Other Employees
Similarly Situated,

      *Plaintiff(s)*,

-against-

ARCADIA HEALTH PHARMACY, CORP.,
YUAN KING YUNG a/k/a RICKY YUNG,
JIA YING HE, DORIS ZHANG, JOHN WANG
and John Doe and Jane Doe

      *Defendant(s)*,
──────────────────────────────────────────X

Index Number: 20-cv-01470

**29 U.S.C. § 216(B)
COLLECTIVE ACTION AND
FRCP RULE 23 CLASS ACTION**

**COMPLAINT**

Plaintiff Xiaoling Ren ("Plaintiff") on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hui Chen & Associates, PLLC, hereby files this complaint against the Defendants Arcadia Health Pharmacy, Corp., Yuan King Yung a/k/a Ricky Yung, Jia Ying He, Doris Zhang, John Wang, and John Doe and Jane Doe (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

1

failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (2) unpaid "Spread of Hours" premium; (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL; (4) liquidated damages equal to the sum of unpaid "Spread of Hours" premium, and unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Xiaoling Ren is a resident of Queens County New York and was employed as an Assistant by Defendants Arcadia Health Pharmacy, Corp., Yuan King Yung a/k/a Ricky Yung, Jia Ying He, Doris Zhang, John Wang, and John Doe and Jane Doe with its principal place of business at 42-35 Main Street Unit 1L, Flushing, New York 11355.

**CORPORATE DEFENDANT**

*Entity Defendant Arcadia Health Pharmacy, Corp.*

8. Upon information and belief, Corporate Defendant, Arcadia Health Pharmacy, Corp. ("Arcadia Health"), is a domestic New York business corporation organization that is incorporated on April 22, 2013 with a principal place of business at 42-35 Main Street Unit 1L, Flushing, New York 11355.

9. Upon information and belief, Arcadia Health Pharmacy, Corp. operates four (4) pharmacies with the same business name as Arcadia Health Pharmacy, located at 1) 42-35 Main Street Unit 1L, Flushing, New York 11355, 2) 136-10 38th Avenue, Flushing, New York 11354, 3) 85 Elizabeth Street, New York, New York 10013, and 4) 758 61st Street, Brooklyn, New York 11220. Please see attached a picture of the store's shopping bag with the addresses imprinted annexed hereto as **Exhibit 1**.

10. Upon information and belief, at all times relevant hereto, Arcadia Health, is a business or enterprise engaged in interstate commerce employing more than thirty (30) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

11. Upon information and belief, at all relevant times hereto, Arcadia Health, have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of

"goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

12. Arcadia Health, constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

13. Arcadia Health has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DEFENDANTS

14. Upon information and belief, Yuan King Yung a/k/a Ricky Yung, Jia Ying He, Doris Zhang, John Wang, and John Doe and Jane Doe are the owners, officers, directors and/or managing agents of Arcadia Health located at 4235 Main Street Unit 1L, Flushing New York 11355, and participated in its day-to-day operations, acted intentionally and maliciously, are an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Arcadia Health.

15. Upon information and belief, Defendants Yuan King Yung a/k/a Ricky Yung, Jia Ying He, Doris Zhang, John Wang, and John Doe and Jane Doe, manages and makes all business decisions including but not limited to the amount in salary the employee will receive, and the number of hours employees will work.

16. At all times relevant herein, Yuan King Yung a/k/a Ricky Yung, Jia Ying He, Doris Zhang, John Wang, and John Doe and Jane Doe, were, and continue to be, an "employer" within the meaning of FLSA.

4

17. At all times relevant herein, Arcadia Health was, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

18. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Arcadia Health.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation and failed to provide her a wage notice at the time of hiring in violation of the NYLL.

20. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Defendants knew that the nonpayment of overtime pays, unpaid "Spread of Hours" premium, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

23. From on or about June 2, 2014 to February 23, 2020, Plaintiff Xiaoling Ren was hired by Defendants as an assistant at Defendants' corporations at 42-35 Main Street Unit 1L, Flushing New York 11355.

24. From on or about June 2, 2014 to on or about June 15, 2014, Plaintiff Xiaoling Ren worked from 9:00 AM to 6:00PM for four (4) days per week.

25. From on or about June 15, 2014 to February 23, 2020, Plaintiff Xiaoling Ren worked from 9:00AM to 7:30PM for five (5) days per week.

26. From on or about June 15, 2014 to February 23, 2020, Plaintiff Xiaoling Ren also has been working on average 20 minutes more after 7:30PM every working day.

27. From on or about June 15, 2014 to February 23, 2020, Plaintiff Xiaoling Ren was often called to work for the weekend to cover other coworkers' vacation, sick and personal leaves, on average Plaintiff worked two additional days for every four weeks period.

28. From on or about June 15, 2014 to September 1, 2014, the Plaintiff was paid with an hourly wage of ten dollars ($10) per hour.

29. From on or about June 15, 2014 to September 1, 2014, the Plaintiff was paid a flat compensation at a rate of $105.00 per day regardless hours worked.

30. From on or about September 2, 2014 to September 1, 2015, the Plaintiff was paid with an hourly wage of eleven dollars ($11) per hour.

31. From on or about September 2, 2014 to September 1, 2015, the Plaintiff was paid a flat compensation at a rate of $115.50 per day regardless hours worked.

32. From on or about September 2, 2015 to September 1, 2016, the Plaintiff was paid with an hourly wage of twelve dollars ($12) per hour.

33. From on or about September 2, 2015 to September 1, 2016, the Plaintiff was paid a flat compensation at a rate of $126.00 per day regardless hours worked.

34. From on or about September 2, 2016 to September 1, 2017, the Plaintiff was paid with an hourly wage of thirteen dollars ($13) per hour.

35. From on or about September 2, 2016 to September 1, 2017, the Plaintiff was paid a flat compensation at a rate of $136.50 per day regardless hours worked.

36. From on or about September 2, 2017 to September 1, 2018, the Plaintiff was paid with an hourly wage of fourteen dollars ($14) per hour.

37. From on or about September 2, 2017 to September 1, 2018, the Plaintiff was paid a flat compensation at a rate of $147.00 per day regardless hours worked.

38. From on or about September 2, 2018 to September 1, 2019, the Plaintiff was paid with an hourly wage of fifteen dollars ($15) per hour.

39. From on or about September 2, 2018 to September 1, 2019, the Plaintiff was paid a flat compensation at a rate of $157.50 per day regardless hours worked.

40. From on or about September 2, 2019 to February 23, 2020, the Plaintiff was paid with an hourly wage of seventeen dollars ($17) per hour.

41. From on or about September 2, 2016 to February 23, 2020, the Plaintiff was paid a flat compensation at a rate of $178.50 per day regardless hours worked.

42. From on or about June 15, 2014 to February 23, 2020, the Plaintiff worked from Monday to Friday and worked on average 59.57 hours per week.

43. Plaintiff was not provided any fixed breaks or meal time of at least thirty (30) minutes between 11AM and 2PM, nor was she provided an additional meal period between 5PM and 7PM of at least twenty (20) minutes.

44. At all relevant times, Plaintiff Xiaoling Ren was not paid overtime pay for overtime work.

45. Defendants did not compensate Plaintiff overtime compensation according to state and federal laws. Plaintiff was not compensated for New York State's "spread of hours" premium for shifts that lasted longer than ten (10) hours as Plaintiff's shift lasted over 10 hours every working day.

46. Defendants failed to provide Plaintiff Xiaoling Ren with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia, defendants'

contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

47. Defendants committed the following alleged acts knowingly, intentionally and willfully.

48. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

49. Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

50. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

51. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

53. Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed.

R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

54. All said persons, including Plaintiff, are referred to herein as the "Class."

55. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

56. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

57. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Plaintiff and Class members are promised and not paid at their promised hourly wage;

c. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether Plaintiff and Class members are required to provide and maintain tools of the trade on Defendants' behalf at their own cost;

f. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

g. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

h. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

i. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

58. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

59. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment

litigation cases.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

61. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## COUNT I

**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]**

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

64. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

65. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

66. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which

violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

67. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

68. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and

## COUNT II

**[Violation of New York Labor Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]**

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

71. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff and Class Action Members at one and one-half times the hourly rate the Plaintiff and the class are entitled to in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 137 and 12 N.Y.C.R.R. § 146..

72. Defendants' failure to pay Plaintiff and Class Action Members was willful, and lacked a good faith basis within the meaning of New York Labor Law § 198, §663 and supporting regulations.

## COUNT III

**[Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiff and Rule 23 Class]**

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. At all relevant times, Plaintiff was employed by defendants within the meaning of the New York Labor Law, §§2 and 651.

75. At all relevant times, Defendants had, and continue to have, a policy of practice of failing to pay Plaintiff and Class Action Members an additional hour's pay at the minimum wage for each day Plaintiff and Class Action Members worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R § 137-1.7 and 12 N.Y.C.R.R. § 146-1.6.

76. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

77. Due to defendants' New York Labor Law violations, Plaintiff and Class Action Members are entitled to recover from defendants unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

**(Violation of New York Labor Law—Time of Hire Wage Notice Requirement on behalf of Plaintiff and Rule 23 Class)**

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

80. Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V

**[Violation of New York Labor Law—Failure to Provide Meal Periods Brought on behalf of Plaintiff and the Rule 23 Class]**

81. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

83. Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

84. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

85. Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VI

**[Violation of New York Labor Law—Failure to Keep Records Brought on behalf of Plaintiff and Rule 23 Class]**

86. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

88. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

89. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

90. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VII

**[Violation of New York Labor Law—Failure to Provide Wage Statements
Brought on behalf of Plaintiff and Rule 23 Class]**

91. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

93. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not accurately provide the paystub on or after each Plaintiffs' payday.

94. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Xiaoling Ren and her counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

f. Liquidated damages for defendants' New York Labor Law violations;

g. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: Flushing, New York
March 19, 2020

Hui Chen and Associates, P.L.L.C.

 /s/ Hui Chen

By: Hui Chen, Esq.
136-20 38th Ave., Suite 9E
Flushing, NY 11354
Tel: (718) 463-2666
Email: hui.chen@alum.cardozo.yu.edu
*Attorneys for Plaintiff(s)*